IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-155-RLV-DCK

| | |
|---|---|
| SIMPSON PERFORMANCE PRODUCTS, INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>IMPACT RACING, INC., )<br>)<br>Defendant. )<br>) | <u>ORDER AND</u><br><u>RECOMMENDATION</u> |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Stipulation And Order For Extension Of Time To Respond To Amended Complaint" (Document No. 18) filed December 19, 2016. This filing has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. The Court construes the parties' filing as a consent *motion* for extension of time. Having carefully considered the motion, the record, and noting consent of the parties, the undersigned will <u>grant</u> the motion.

In addition, the undersigned will respectfully recommend that "Defendants' Motion To Dismiss Simpson's Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(6)" (Document No. 10) filed on December 1, 2016, be denied as moot based on Plaintiff's "Amended Complaint" (Document No. 16) filed on December 15, 2016. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading

supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint").

Finally, the undersigned notes that the parties' recent filing indicates that the parties agree that "Mastercraft Safety, Inc. is no longer a party to this action as it was dismissed in the FAC." (Document No. 18, p.1, n.1).  As such, it appears Mastercraft should be terminated as a party to this lawsuit.

**IT IS, THEREFORE, ORDERED** that the "Stipulation And Order For Extension Of Time To Respond To Amended Complaint" (Document No. 18) is **GRANTED**.  Defendant shall have up to and including **January 5, 2017** to answer or otherwise respond to Plaintiff's Amended Complaint.

**IT IS RECOMMENDED** that "Defendants' Motion To Dismiss Simpson's Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(6)" (Document No. 10) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Mastercraft Safety, Inc. be terminated as a party to this action.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Recommendation with

the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: December 20, 2016

David C. Keesler
United States Magistrate Judge